## City of Chicago v. John Sergeant Cram.

1. INSTRUCTIONS—*Erroneous Modifications.*—Where an instruction as tendered, is accurate, properly informing the jury as to the measure of the plaintiff's damages, but is modified by the court so as to practically eliminate the main defense, it is erroneous.

**Trespass on the Case,** for damages to real estate. Trial in the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1898. Reversed and remanded. Opinion filed March 16, 1899.

This is an action on the case brought by appellee, holding the legal title as trustee to certain lots of land, for damages to the same on account of the construction by the city of a viaduct or elevated roadway, which extends in front of the lots. Before the construction and operation of the viaduct, there was a horse-car line on the street in front of some of the lots in question, and passengers thereon, going either north or south of certain steam railroad tracks which crossed the street which fronted the lots, were obliged to cross the steam railroad tracks on foot and take a different car upon the other side. The evidence discloses that passengers thus crossing, and waiting for street cars, were in the habit of patronizing the business conducted in stores and saloons upon the property in question, thus increasing the value of buildings for business purposes upon such lots. By the construction of the viaduct, the changing of cars at this point was obviated, and a consequent loss of business and rental value in the premises there might result. There was also evidence to show that the value of the property in question was greatly decreased and cheapened before the

construction of the viaduct, by the presence of the grade crossings of the steam railroad tracks. A verdict assessing the damages of appellee at $5,000 was returned. From judgment upon that verdict this appeal is prosecuted.

CHARLES S. THORNTON, corporation counsel, and THOMAS J. SUTHERLAND, attorneys for appellant.

MASON BROTHERS, attorneys for appellee; HENRY B. MASON, of counsel.

MR. JUSTICE SEARS delivered the opinion of the court.

Counsel for appellant present various grounds of objection to the procedure and the judgment. We are of opinion that there is no merit in any of them, except such as go to the instructions.

It is objected that the court erred in modifying the second instruction presented by appellant. The instruction as tendered was accurate, properly informing the jury as to the measure of appellee's damages, if any. The modification consisted in the addition to the instruction of these words:

"Any result of the trolley cars since the viaduct was built, or any result of obstruction by the railroad before the viaduct was built, is not to be considered."

It was doubtless the intention of the learned trial judge to thereby exclude from the consideration of the jury any temporary advantage which the property enjoyed before the construction of the viaduct by reason of the necessary change of cars at that point by street car passengers, and the custom of such passengers while waiting for cars to patronize the saloons and other places of business conducted upon the property in question. If the effect of the instruction upon the jury could be safely said to have been limited to this consideration alone, appellant could not complain, for there could then have resulted no prejudicial effect to it. But the difficulty is, that it can not be judicially determined that the jury so limited the application of the instruction. There was evidence showing that the value of the property

before the construction of the viaduct was unfavorably affected and cheapened by the presence of the grade crossings of the railroad tracks. The instruction told the jury that they might take the value before the improvement, freed from any disadvantage which resulted to it by railroad obstructions. Thus the main defense of the appellant was practically eliminated from the case; for the appellant's meritorious defense, so far as appears from this record, amounted only to a contention that the construction of the viaduct was in its total effect a benefit rather than a damage, because it removed the obstruction of the grade crossing.

The instruction would have been equally open to objection by appellee, if limited in its effect to the excluding of the temporary advantage of patronage of the saloons and stores by passengers upon the street cars. The advantage to the property in this regard was perhaps merely a temporary advantage, but its temporary character had its effect in fixing the fair cash market value of the property before the construction of the viaduct. The jury were to take that fair cash market value as they found it to be before the construction of the viaduct, and were not to reduce it further by again subtracting an element of temporary advantage, which must be presumed to have already had the effect only in determining value which its temporary character warranted.

The tenth instruction given for appellee should be qualified by the words " or decrease," so that it would cover the contingency of a finding by the jury that there had been some decrease in value from causes other than the construction of the viaduct.

We find no error prejudicial to appellant in other rulings upon instructions. Some of the refused instructions were substantially included in instructions given, and others were properly refused. The thirteenth instruction refused is an accurate statement of the law, but we fail to see how its exclusion could have harmed appellant.

Because of the modification of the second instruction tendered by the appellant, the judgment is reversed and the cause remanded.